846 F.2d 71
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Danna B. HAND, Plaintiff-Appellant,
v.
Julian THOMPSON, Defendant-Appellee.
 No. 87-3174.
 United States Court of Appeals, Fourth Circuit.
 Argued April 5, 1988.
Decided April 29, 1988.
 
 Roger B. Willetts (Edmunds, Willetts, Yount & Hicks on brief) for appellant.
 Jean B. Weld, Assistant United States Attorney (John P. Alderman, United States Attorney on brief) for appellee.
 Before HARRISON L. WINTER, Chief Judge, K.K. HALL, Circuit Judge and JOHN A. MACKENZIE, District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Plaintiff, a former federal employee, sued defendant, also a federal employee, alleging that he committed assault and battery on her during the official hours in the federal office where both were employed while both were engaged in the performance of their duties as federal employees. The district court gave summary judgment to defendant on the ground that, under the facts of the case, he was immune to tort liability under the doctrine set forth in Barr v. Mateo, 360 U.S. 654 (1959).
 
 
 2
 Plaintiff appeals and we reverse and remand for reconsideration in the light of Westfall v. Erwin, --- U.S. ----, 108 S.Ct. 580, 56 U.S.L.W. 4087 (January 13, 1988).
 
 
 3
 Westfall was decided while this case was on appeal. It restates the holding in Barr v. Mateo, supra, refining it to require as an additional element for application of the doctrine that immunity be recognized only when the allegedly offending federal officer commits the alleged tortious conduct in the exercise of the discretion vested in him. In granting summary judgment, the district court made no such determination. While the defendant argues that we can make this determination on this record, we think it more appropriate that it be made by the district court on the present record or, in its discretion, on a record expanded by such other relevant evidence as the parties may offer.
 
 
 4
 VACATED AND REMANDED.